UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE SMITH,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No.:  6:21-cv-1214-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

# OPINION AND ORDER

Plaintiff Stephanie Smith seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed an amended joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.   Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

    **B.   Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on June 27, 2016, alleging disability beginning September 10, 2015. (Tr. 64, 153-54). The application was denied initially. (Tr. 12, 64). Plaintiff requested a hearing and a hearing was held on May 17, 2018, before Administrative Law Judge Katherine Edgell. (Tr. 30-63). On September 24, 018, ALJ Edgell entered a decision finding Plaintiff not disabled from September 10, 2015, through the date of the decision. (Tr. 12-20). Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April 24, 2019. (Tr. 1-5). Plaintiff filed suit in the United States District Court for the Southern District of New York and, based on a December 16, 2019 stipulation and order by the parties and the Court, the action was reversed and remanded to the Commissioner for further administrative proceedings. (Tr. 581-82). On August 19, 2020, the Appeals Council remanded the case to an Administrative Law Judge for a new hearing. (Tr. 573-77).

On January 14, 2021 and May 4, 2021, Administrative Law Judge Maria Teresa Mandry ("ALJ") held hearings. (Tr. 489-535). On May 27, 2021, the ALJ entered a decision finding Plaintiff not under a disability from September 10, 2015, through the date of the decision. (Tr. 473-82).[1] Plaintiff initiated the instant action

---

[1] The record does not appear to contain an action by the Appeals Council related to the May 27, 2021 hearing decision, and the parties do not refer to one. (Doc. 28, p. 2-3). The parties do not raise an issue as to exhaustion, so the Court will review the action on the merits.

by Complaint (Doc. 1) filed on July 28, 2021, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 25).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 476). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 10, 2015, the alleged onset date. (Tr. 476). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, status-post right wrist fracture, and sprain of the right shoulder and right knee." (Tr. 476). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 476).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except, she is able to sit, stand or walk for 4 hours each in an 8-hour workday, and able to occasionally able

to perform all postural activities. She can frequently reach, handle, and finger with the right, dominant upper extremity.

(Tr. 476-77).

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a teacher assistant as generally performed. (Tr. 480). The ALJ determined that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 480). Alternatively, at step five the ALJ considered Plaintiff's age (49 years old on the alleged disability onset date), education (at least a high school education), work experience, and RFC, and found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 480-81). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) toll collector, DOT 211.462-038, light, SVP 2

(2) survey worker, DOT 205.367-054, light, SVP 2

(3) ticket taker, DOT 344.667-010, light, SVP 2

(Tr. 481). The ALJ concluded that Plaintiff had not been under a disability since September 10, 2015, through the date of the decision. (Tr. 481).

## II. Analysis

On appeal, Plaintiff raises three issues: (1) whether the ALJ erred in giving controlling weight to the opinion of nonexpert Single Decision Maker ("SDM") A. Norris in finding that Plaintiff is limited to "occasional" performance of all postural limitations; (2) whether the ALJ's RFC is supported by substantial evidence because

she failed to properly weigh Dr. Healy's opinion that Plaintiff did not retain a sufficient level of functional ability to perform work at the light exertional level; and (3) whether the ALJ erred in finding that Plaintiff did not require an assistive device (cane) as opined by Dr. Healy. (Doc. 28, p. 14, 20, 28).

### A. Opinion of Single Decision Maker

Plaintiff argues that the RFC was unsupported by substantial evidence because the ALJ's finding that Plaintiff could occasionally perform all postural activities mirrors the opinion of Single Decision Maker ("SDM") A. Norris who is not a medical expert. (Doc. 28, p. 15). Plaintiff contends by contrast that the ALJ gave great weight to Cheryl Archibald, M.D.'s opinion, who found Plaintiff had marked limitations for kneeling and bending and moderate restrictions for squatting, lifting, carrying, and climbing stairs, and to the opinion of Isiah Robinson, DC who opined that Plaintiff could never climb, stoop, kneel, crouch, or crawl. (Doc. 28, p. 16). Despite these medical opinions, Plaintiff asserts that the ALJ erroneously relied on a SDM's opinion who had no apparent medical credentials rather than on the opinions of these medical sources. (Doc. 28, p. 16).

In Florida, a single decision maker is assigned to a claim to make the initial disability determination after "appropriate consultation with a medical or psychological consultant." 20 C.F.R. § 404.906(b)(2). "But the 'SDM' designation connotes no medical credentials." *See id.* § 404.906(a), (b)(2). Indeed, the SSA's

Program Operations Manual System ('POMS') explicitly distinguishes RFC assessments produced by a SDM from those produced by a medical consultant, and states that 'SDM-completed forms are not opinion evidence at the appeals level.' POMS § DI 24510.050." *Siverio v. Comm'r of Soc. Sec.*, 461 F. App'x 869, 871-72 (11th Cir. 2012).

In the decision, the ALJ discussed the opinion of SDM A. Norris: "The opinion of the State Agency medical consultant is given great weight, finding that the claimant could perform work at a light exertional level with additional postural limitations, as it is based on the imaging and physical examinations (Ex. 2A)." (Tr. 480). And in the RFC, the ALJ limited Plaintiff to occasionally being able to perform all postural activities. (Tr. 477). Thus, it appears that the ALJ erred in adopting the opinion of SDM A. Norris. But the inquiry does not end there.

While Plaintiff correctly notes that the ALJ mistakenly afforded SDM A. Norris's opinion great weight, any error was harmless. *See Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (finding that even though ALJ erred in giving great weight to an SDM opinion, the error was harmless because the ALJ considered all of the evidence of record including treating and non-examining physicians' opinions and there was nothing in the record to show the SDM's opinion was anything more than cumulative). As argued by the Commissioner here, the ALJ, with the assistance of a vocational expert, found Plaintiff could perform not only her

past relevant work, but also the jobs of toll collector, survey worker, and ticket taker. (Tr. 480-81; Doc. 28, p. 17). For all three of these alternative jobs, postural limitations, such as climbing, balancing, stooping, kneeling, crouching, and crawling are not present. *See* 211.462-038 Toll Collector, DICOT 211.462-038, 1991 WL 671847; 205.367-054 Survey Worker, DICOT 205.367-054, 1991 WL 671725; 344.667-010 Ticket Taker, DICOT 344.667-010, 1991 WL 672863. Thus, any error in affording great weight to SDM A. Norris's opinion or adopting the SDM's postural limitations is harmless because the jobs listed have no postural requirements. Therefore remand is not warranted.

      **B.**     **Michael Healy, M.D.'s Opinion**

Plaintiff argues that the ALJ erred in consideration of consultative examiner Dr. Healy's opinion. (Doc. 28, p. 20). Plaintiff claims that the ALJ: (1) failed to address Dr. Healy's finding that Plaintiff could never crouch or crawl; (2) failed to explain why she did not adopt Dr. Healy's finding that Plaintiff can walk for only two hours with use of cane; and (3) failed to consider Plaintiff's manipulative limitations. (Doc. 28, p. 20-22).

For applications filed before March 27, 2017 – such as here – prior regulations apply for considerations of medical sources opinions. 20 C.F.R. § 404.1527. Under the prior regulations, at step four, an ALJ must properly consider treating, examining, and non-examining physician's opinions and weigh these opinions and

findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician offers an opinion concerning the nature and severity of a claimant's impairments—including the claimant's symptoms, diagnosis, and prognosis; physical and mental restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Even though examining doctors' opinions are not entitled to deference, an ALJ is nonetheless required to consider every medical opinion. *Bennett v. Astrue*, No. 308-CV-646-J-JRK, 2009 WL 2868924, at *2 (M.D. Fla. Sept. 2, 2009) (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); *Crawford v. Comm'r of Soc.*

*Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)). "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

The ALJ summarized Dr. Healy's June 2018 evaluation of Plaintiff. (Tr. 478-79). The ALJ noted that the examination showed:

> no acute distress, widened stride slightly shortened and antalgic on the right lower extremity, can walk on heels and toes without difficulty, squat 50%, use of a medically necessary cane, needed no help changing for examination or getting on and off the examination table, able to rise from a chair without difficulty, full range of motion (shoulders, elbows, forearms, wrists, hips, knees, ankles), mild discomfort on flexion and extension of both knees, negative straight leg raise testing bilaterally, 5 out of 5 strength in the upper extremities, 4 out of 5 strength in the right lower extremity, 5 out of 5 strength in the left lower extremity, 5 out of 5 grip strength on the left, and 4 out of 5 grip strength on the right

(Tr. 478-79).

Later in the decision, the ALJ gave Dr. Healy's opinion partial weight:

> The opinion of Michael Healy, MD, is given partial weight, finding the following: medium exertion but walk only 2 hours in 8, sit for 7, reaching, handling and fingering with the dominant extremity- occasional, use of a cane. The

> undersigned finds that this is not supported by the medical record or by the evaluation of other consultative examiners. The use of a cane is not seen on record even close to the time of her fall in 2015. Further, there were no limitations for fingering or handling prior to his evaluation and no condition that would explain his assessed limitation. His assessment that the claimant is limited in standing and walking was considered and adopted in the residual functional capacity because in his exam the clamant had widened stride slightly shortened and antalgic on the right lower extremity. His opinion for medium exertion is, however, contradictory internally, as it would be inconsistent with a person who is as limited in other activities as he reported, particularly in reaching, handling and fingering, walking for 2 hours and sitting for 7 and needing the use of a cane.

(Tr. 479).

First, Plaintiff argues that the ALJ failed to address Dr. Healy's limitation that Plaintiff could never crouch or crawl. (Doc. 28, p. 20, 22). Even if the ALJ erred in failing to address these limitations, the error is harmless. As the Court found above, the three alternative jobs listed do not require crouching or crawling. *See* 211.462-038 Toll Collector, DICOT 211.462-038, 1991 WL 671847; 205.367-054 Survey Worker, DICOT 205.367-054, 1991 WL 671725; 344.667-010 Ticket Taker, DICOT 344.667-010, 1991 WL 672863.

Second, Plaintiff argues that the ALJ did not explain why she did not adopt the limitations of being able to walk for only two hours with use of a cane or address the fact that other medical opinions support these limitations. (Doc. 28, p. 20, 22). Plaintiff also claims that while the ALJ "adopted" Dr. Healy's limitations as to walking, the RFC is inconsistent with this limitation. (Doc. 28, p. 20).

In the decision, the ALJ afforded partial weight to Dr. Healy's opinion as to limitations of walking only 2 hours in an 8-hour day, sitting for 7 hours, reaching, handling and fingering occasionally with the dominant extremity, and use of a cane.[2] The ALJ stated that Dr. Healy's assessment in standing and walking was considered and adopted in the RFC because his exam showed a widened stride slightly shortened and antalgic on the right lower extremity. (Tr. 479). The ALJ did not stop there, but continued with her analysis. She found Dr. Healy's opinion internally inconsistent. (Tr. 479). She determined that the ability to lift and carry 50 pounds occasionally – which amounts to a medium exertional level – to be internally contradictory with a person who is limited to occasional reaching, handling, and fingering, to walking for 2 hours, and to needing the use of a cane. (Tr. 479, 455-56). While the ALJ did not fully adopt Dr. Healy's standing and walking limitations, the ALJ considered these limitations and included limitations of sitting, walking, and standing for 4 hours each in an 8-hour day. (Tr 476-77). The ALJ provided a valid reason to afford partial weight to Dr. Healy's opinion concerning walking, standing, and manipulative limitations, namely the internal inconsistency with lifting abilities. Plus, the Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*,

---

[2] Plaintiff raises a separate issue about the use of a cane, and the Court will address all arguments there.

771 F.3d 780, 782 (11th Cir. 2014). Substantial evidence supports the ALJ's decision on these issues.[3]

### C.     Use of an Assistive Device

Plaintiff asserts that Dr. Healy found Plaintiff's use of a cane to be medically necessary. (Doc. 28, p. 27, Tr. 451). Plaintiff argues that even if the use of a cane were not necessary in 2015, Dr. Healy found it medically necessary in June 2018, and the ALJ erred in failing to take the need for a cane into consideration in determining the RFC and in determining which jobs Plaintiff was able to perform. (Doc. 28, p. 27-28).

For a hand-held assistive device to be found medically necessary, medical documentation must "establish[] the need for a hand-held assistive device to aid in walking or standing, and describ[e] the circumstances for which it is needed (i.e., all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, *7 (1996). When the record establishes a plaintiff needs a hand-held assistive device, the ALJ "must always consider the particular facts of a case" and determine the circumstances under which it is required. *Id*.

---

[3] Plaintiff also claims that the ALJ did not consider the consistency of Dr. Healy's opinions with those of German Calero, M.D., Isiah Robinson, DC, or Cheryl Archibald, M.D. (Doc. 28, p. 22; Tr. 479-80). The ALJ did consider these opinions and afforded varying weight to each. (Tr. 479-80). Indeed, Dr. Robinson found Plaintiff able to "stand and/or walk" for a total of 4 hours in an 8-hour workday. (Tr. 321). The Court finds Plaintiff's argument unavailing.

Here, the ALJ found that the use of a cane was not seen on the record close to the time of Plaintiff's fall in 2015 . (Tr. 479). As argued by the Commissioner, even if the ALJ erred in failing to include an RFC limitation that required the use of a cane for ambulation, any error is harmless. (Doc. 28, p. 30). In a hypothetical to the vocational expert, the ALJ asked if the use of a cane when walking would limit the alternative step five jobs, and the vocational expert responded:

> A person with those limitations, Your Honor, would be able to perform the duties of a toll collector, . . . survey worker . . .[and] ticket taker . . . Your Honor, the example positions are what we would consider in a lot of ways a station job so to speak in that the individual is working basically in the same location throughout their shift. It would be in this way that an assistive device, a one-handed assistive device for ambulation will allow for a person to perform these jobs without an erosion to the occupational base. So this does not – this limitation is not contemplated in the DOT, but it is based on my experience working with individual's in these various vocational environments.

(Tr. 509-510). Thus, even if the ALJ erred in not including a limitation for an assistive device in the RFC, the error is harmless because the vocational expert testified that there are a significant number of jobs in the national economy that Plaintiff can perform if a cane is needed.

### III.     Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties